# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MURPHY COSTON, | Case No.  1:14cv-00148-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **(ECF No. 1)** |
| | **ORDER DENYING AS MOOT MOTION FOR INJUNCTIVE RELIEF** |
| E. CLARK, et al., | **(ECF No. 2)** |
| Defendants. | **AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court are Plaintiff's Complaint for screening and his Motion for Injunction.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1

1   which relief may be granted, or that seek monetary relief from a defendant who is

2   immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

3   any portion thereof, that may have been paid, the court shall dismiss the case at any

4   time if the court determines that . . . the action or appeal . . . fails to state a claim upon

5   which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6   **II.    PLEADING STANDARD**

7       Section 1983 "provides a cause of action for the deprivation of any rights,

8   privileges, or immunities secured by the Constitution and laws of the United States."

9   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

10  Section 1983 is not itself a source of substantive rights, but merely provides a method

11  for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

12  393-94 (1989).

13      To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

14  that a right secured by the Constitution or laws of the United States was violated and (2)

15  that the alleged violation was committed by a person acting under the color of state law.

16  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

17  1245 (9th Cir. 1987).

18      A complaint must contain "a short and plain statement of the claim showing that

19  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22  662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

23  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

24  plausible on its face." Id. Facial plausibility demands more than the mere possibility that

25  a defendant committed misconduct and, while factual allegations are accepted as true,

26  legal conclusions are not. Id. at 667-68.

27  **III.    PLAINTIFF'S ALLEGATIONS**

28      Plaintiff complains of inadequate medical care at Corcoran State Prison ("CSP").

2

Plaintiff names as Defendants (1) Clark, CSP MD, (2) McCabe, CSP MD, (3) Wang, CSP MD - Chief Medical Executive, (4) Macias, CSP MD - Chief Executive Officer, (5) Zamora, MD – California Department of Corrections and Rehabilitation ("CDCR") Chief Health Care Services.

More specifically, Plaintiff alleges that:

He suffers severe pain and mobility limitations arising from a variety of impairments. He has nerve and disk issues in his back related to vertebral fusion and arthritis. He has a torn rotator cuff, degenerative joint disease, and arthritis in his shoulder. He has nerve damage, degenerative joint disease and arthritis in his foot.

Plaintiff filed a grievance alleging his pain medication was not effective, that he should not be on full duty work assignment, and that he should be provided an orthopedic consult. Defendant Clark interviewed Plaintiff at the first level health care grievance review. Clark, in furtherance of a CDCR policy and custom of medical indifference, discontinued Plaintiff's accommodation chrono which allowed him a lower bunk, waist chain cuffs, and a light work assignment. Clark also reduced the strength of pain medication and denied shoulder surgery and treatment that had been recommended by an outside orthopedic specialist. Clark was aware of Plaintiff's painful conditions. Clark told Plaintiff "filing complaints is not the way to go . . . ." (Compl., ECF No. 1, at 21-22.)

Plaintiff submitted the grievance to Defendants Wang and Macias for second level review and was again denied a change in treatment, accommodations and an orthopedic referral. Third level review by Defendant Zamora produced the same result.

Plaintiff seeks (1) declaratory relief, (2) an affirmative injunction that Defendants comply with his requests and Plata orders, reinstate prior accommodations, and provide narcotic medication and orthopedic consultation and testing, (3) release from prison pursuant to the California Medical Inmate Release Initiative (*sic*), and (4) monetary damages.

1  **IV.      DISCUSSION**

2        **A.      No State Policy or Practice**

3        An official capacity claim against a state official requires that a policy or practice

4  of the governmental entity be the moving force behind the violation. Hafer v. Melo, 502

5  U.S. 21, 25 (1991). Here, Plaintiff does not allege his rights were violated as a result of

6  a decision by the CDCR and its policymaking officials or a persistent and widespread

7  CDCR practice. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). It is not enough for

8  Plaintiff to allege Defendants' indifference to his condition and to treatment

9  recommended by others.

10        Even if Plaintiff alleged facts showing CDCR allowed a single instance of alleged

11  unconstitutional conduct by a subordinate, it would not be sufficient to demonstrate

12  ratification of the conduct. See Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992).

13        The Complaint does not suggest Plaintiff's rights were violated by a decision of

14  CDCR and its policymaking officials or a persistent and widespread CDCR practice.

15  Plaintiff's official capacity claim against Defendants fails.

16        **B.      Linkage**

17        A § 1983 plaintiff must demonstrate that each defendant personally participated

18  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

19  There must be an actual connection or link between the actions of the defendants and

20  the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department

21  of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for

22  the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct.

23  at 1948. Since a government official can not be held liable under a theory of vicarious

24  liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official

25  has violated the Constitution through his own individual actions. Id. at 1948.

26        Plaintiff does not allege a reasonable factual basis for his belief that Defendant

27  McCabe caused or participated in the alleged violations. Plaintiff names McCabe, but

28  does not attribute to him any act or omission violating Plaintiff's rights.

1   If Plaintiff chooses to amend, he should provide factual detail demonstrating what

2   Defendant McCabe did or did not do, when, and why and how his rights were violated

3   by Defendant McCabe.

4   **C.   Medical Indifference**

5   "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

6   an inmate must show deliberate indifference to serious medical needs." Jett v. Penner,

7   439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106

8   (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that

9   failure to treat a prisoner's condition could result in further significant injury or the

10  unnecessary and wanton infliction of pain," and (2) "the defendant's response to the

11  need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith,

12  974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

13  Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

14  Where a delay in treatment is alleged, the plaintiff must show it led to further

15  significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at

16  1096. The delay is a constitutional violation only if it caused the prisoner "substantial

17  harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

18  Plaintiff's severe pain and mobility impairment relating to his back, shoulder and

19  foot conditions, for which he received treatment, presented a serious medical need. Jett,

20  439 F.3d at 1096; See McGuckin, 974 F.2d at 1059–60. However, the facts of the

21  Complaint do not indicate that Defendants knowingly denied and delayed medically

22  necessary care or knowingly provided unacceptable medical care. See Toguchi v.

23  Chung, 391 F.3d 1051, 1058–60 (9th Cir. 2004).

24  Plaintiff does not contend he was denied access to medical care and treatment.

25  Rather, he disagrees with the treatment provided. The facts alleged do not suggest

26  Defendants acted maliciously or with a conscious disregard of a serious risk Plaintiff

27  might be harmed by their action or inaction. Rather it appears Defendants provided care

28  consistent with their medical judgment and that Plaintiff simply disagrees with the

5

1   choices they made for his care and treatment. Indeed, it appears from health care

2   appeal documents attached to the Complaint that a non-party, Dr. Yu, was responsible

3   for these treatment decisions.

4          Plaintiff's disagreement with the treatment decisions and his belief that he should

5   have received different medication, testing and treatment, without more, is not a basis

6   for a federal deliberate indifference claim unless the treatment chosen is medically

7   unacceptable and in conscious disregard of an excessive risk to the prisoner's health.

8   See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90

9   F.3d 330, 332 (9th Cir. 1996). Nothing suggests Defendants intentionally provided

10  medically unacceptable care. Defendants' medical care is not unacceptable simply

11  because they changed treatment and did not provide surgical treatment recommended

12  by a specialist. Cf., Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's

13  awareness of need for treatment followed by his unnecessary delay in implementing the

14  prescribed treatment sufficient to plead deliberate indifference). So long as his

15  treatment was adequate, that Plaintiff might have preferred different treatment does not

16  give rise to an Eighth Amendment violation. Evan v. Manos, 336 F.Supp.2d 255, 261

17  (W.D.N.Y. 2004); see also Veloz v. New York 339 F.Supp.2d 505, 521 (S.D.N.Y. 2004),

18  citing Hathaway v. Coughlin, 37 F.3d 63, 69 2d Cir. 1994) ("To establish deliberate

19  indifference, plaintiff must demonstrate that the defendants actually wish[ed] him harm,

20  or at least, [were] totally unconcerned with his welfare.").

21         Likewise Plaintiff's belief Defendants caused him further injury is not supported

22  by facts. See McGuckin, 974 F.2d at 1060, citing Shapely v. Nevada Bd. of State Prison

23  Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (any alleged delay in receiving medical

24  treatment must have led to further harm in order for the prisoner to make a claim of

25  deliberate indifference to serious medical needs).

26         Even if Defendants failed to properly treat Plaintiff in accordance with the medical

27  standard of care, he alleges nothing more than medical negligence which is not a

28  federal rights violation. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.

6

1   1980), citing Estelle, 429 U.S. at 105-06 (1976) (mere indifference, negligence, or

2   medical malpractice will not support this cause of action).

3        In summary, nothing before the Court shows any Defendant intentionally denied

4   or delayed responding to Plaintiff's medical needs. Clark's statement that "filing

5   complaints is not the way to go" might suggest he was acting in response to Plaintiff's

6   filing of grievances rather than in accord with good medical practice. However, the

7   connection between the two events is too tenuous and remote to support such a

8   suspicion and in fact the denial of requested care preceded and caused the grievance

9   which led to Clark's statement. (The possibility of a retaliation claim will be discussed

10  below.)

11       Plaintiff fails to state a claim for medical indifference. If Plaintiff chooses to

12  amend, he must allege facts showing each named Defendant knowingly denied,

13  delayed, or interfered with his serious medical need, or knowingly provided medically

14  unacceptable care, harming Plaintiff.

15       **D.   Plata Claims**

16       Plaintiff may assert membership in the class action Plata v. Brown, pending in

17  the Northern District of California,[1] and claim Defendants failed to take action

18  appropriate under Plata to remedy systemic (widespread) deficiencies in CSP medical

19  care. Such a claim seeking relief for more than individual harm to Plaintiff appears

20  duplicative of and barred by the Plata litigation and the Stipulation for Injunctive Relief

21  entered in Plata. See Pride v. Correa, 719 F.3d 1130, 1136-37 (9th Cir. 2013). Plaintiff

22  may assert such a claim through the Plata receivership, but not in this action.

23       Similarly, should Plaintiff wish to allege violation of protocols in the Plata

24  Stipulation for Injunctive Relief, he can not claim monetary damages for harm he alone

25  suffered. Remedial orders issued in Plata do not provide Plaintiff with an independent

26  cause of action under § 1983 because the orders do not have the effect of creating or

27
    _____

28  [1] The Court takes judicial notice of Plata et al. v. Brown, et al., case number 3:01–cv–01351–THE,
    pending in the Northern District of California.

1   expanding Plaintiff's constitutional rights. <u>Coleman v. CDCR</u>, 1:09-cv-02192-SKO, 2011

2   WL 2619569, at *4 (E.D. Cal. July 1, 2011), <u>citing</u> <u>Cagle v. Sutherland</u>, 334 F.3d 980,

3   986–87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum

4   requirements, and do not create or expand rights); <u>see also</u> <u>Green v. McKaskle</u>, 788

5   F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but

6   do not create or enlarge constitutional rights and can not serve as a substantive basis

7   for damages).

8       **E.    Retaliation**

9       "Within the prison context, a viable claim of First Amendment retaliation entails

10  five basic elements: (1) an assertion that a state actor took some adverse action against

11  an inmate (2) because of (3) that inmate's protected conduct, and that such action (4)

12  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

13  reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559,

14  567-68 (9th Cir. 2005).

15      It may be that Plaintiff wants to claim Defendant Clark retaliated against him for

16  the health care appeal. If so, Plaintiff fails to allege facts showing Clark intended to

17  retaliate and that his denial of the appeal did not advance the institutional health care

18  appeal process. "Timing can properly be considered as circumstantial evidence of

19  retaliatory intent." <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995). Dr. Clark denied

20  the appeal shortly after it was filed. But it appears Clark did so because the CDCR

21  grievance process requires a prompt first level response. 15 Cal. Code Regs. § 3084.8.

22  Here, "timing" alone does not imply a retaliatory motive. Nor does Dr. Clark's statement,

23  that "filing complaints is not the way to go", without more, show retaliatory denial of the

24  grievance.

25      The facts alleged are insufficient for the Court to determine Clark's action was

26  other than in furtherance of the prison health care appeal process, particularly since it

27  appears to have been consistent with Dr. Yu's medical recommendations.

28      Plaintiff does not state a retaliation claim. If Plaintiff chooses to amend, he should

1  provide factual detail pursuant to the requirements above.

2      **F.      Health Care Appeal**

3      Prison staff actions in responding to Plaintiff's prisoner grievance alone can not

4  give rise to any claim for relief under § 1983 for violation of due process. "[A prison]

5  grievance procedure is a procedural right only, it does not confer any substantive right

6  upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v.

7  DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of

8  entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

9  1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

10     Plaintiff may not assert a constitutional violation based solely on a claim

11 Defendants improperly handled and disposed of his health care grievance.

12     **G.      State Law Claims**

13     The Court need not consider supplemental state law claims where there is no

14 cognizable federal claim. See 28 U.S.C. § 1367. The Court will not consider Plaintiff's

15 purported claim under the California Medical Inmate Release Initiative.

16     **H.      Motion for Injunction**

17     Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

18 never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22

19 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

20 success on the merits and the possibility of irreparable injury, or (2) the existence of

21 serious questions going to the merits and the balance of hardships tipping in [the

22 moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.,

23 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula

24 International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons,

25 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

26     Plaintiff has filed a motion seeking injunctive relief arising from the alleged Eighth

27 Amendment violations discussed above. Specifically he seeks restoration of his prior

28 accommodation chrono and narcotic medication, and orthopedic consultation and

1   testing. (Mot. For Inj., ECF No. 2 at 2:18-26.)

2        However, Plaintiff can not seek injunctive relief where there is no underlying

3   federal claim. City of Los Angeles, 461 U.S. at 101–02 (plaintiff must show a "case or

4   controversy" and "real and immediate" threat of injury). The Complaint does not state

5   any cognizable claim against named Defendants for the reasons stated.

6        Accordingly, the undersigned finds the Motion for Injunctive relief is moot

7   because it is unsupported by any underlying case or controversy. The Motion shall be

8   denied, but without prejudice to Plaintiff bringing it again upon appropriate facts.

9   **V.    CONCLUSIONS AND ORDER**

10       The Complaint does not state a claim for relief under § 1983. The Motion for

11  Injunctive relief is moot because Plaintiff fails to state any cognizable claim.

12       The Court will grant an opportunity to file an amended complaint consistent with

13  the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809

14  F.2d 1446, 1448-49 (9th Cir. 1987).

15       If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

16  deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set

17  forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at

18  1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each

19  named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d

20  at 934.

21       Plaintiff should note that although he has been given the opportunity to amend, it

22  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

23  Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

24  curing the deficiencies set forth above.

25       Finally, Plaintiff is advised that Local Rule 220 requires that an amended

26  complaint be complete in itself without reference to any prior pleading. As a general

27  rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

28  F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d

896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed January 27, 2014,

2. Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff's Motion for Injunctive relief (ECF No. 2) is DENIED as moot, without prejudice,

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

5. If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 18, 2014                     /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

11