UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. COSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>J.K. YU, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-00148-MJS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 12)<br><br>THIRTY DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 8.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 13.)

The Court screened Plaintiff's complaint and dismissed it for failure to state a claim but gave leave to amend. (ECF No. 7.) Plaintiff's First Amended Complaint (ECF No. 12.) is now before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff names Dr. J.K. Yu, Dr. E. Clerk[1], Dr. Jeffrey Wang, Executive Officer Teresa Macias, and Chief of Health Care Appeals L.D. Zamora as Defendants.

---

[1] It appears from the documents attached to Plaintiff's amended complaint that Defendant Clerk's name is correctly spelled as Clark. The Court will use the correct spelling throughout the remainder of this Order.

Plaintiff's allegations can be summarized essentially as follows:

Since May 2012, Plaintiff has been imprisoned at Corcoran State Prison ("CSP"). Plaintiff suffers from a left shoulder and foot injury and neck and back pain which causes tingling and numbness in his arms. As a result of these injuries, Plaintiff has difficulty with mobility and sleeping.

Defendants refused to follow the treatment plan and recommendations of Plaintiff's prior physician.

More specifically, in June 2012, Plaintiff submitted a Health Care Request Form 7362 complaining of pain and an upper bunk assignment. Defendant Yu refused to follow Plaintiff's previous prescription chrono that prescribed him a lower bunk, waist chain cuffs, and a light work assignment. Dr. Yu followed a different course of treatment, and Plaintiff was assigned "full work duties," which aggravated his medical conditions. Plaintiff continued to submit Request Forms to Defendant Yu to no avail.

In July 2012, Defendant Clark interviewed Plaintiff at the first level health care grievance review and discontinued his previously prescribed medical treatment. Plaintiff submitted additional complaints regarding his pain and lack of medical treatment. At the second level of review, Defendants Wang and Macias denied Plaintiff's appeal, refusing to change his course of treatment or refer him out for surgery. Third level review by Defendant Zamora produced the same result.

As a result of Defendants' refusal to follow his prior physician's course of treatment, Plaintiff's pain has increased, and he is unable to perform daily activities.

Plaintiff sues the above named Defendants in their individual and official capacities and seeks declaratory relief, damages and costs, and to be released on parole for their violation of his Eighth Amendment rights.

## IV.   ANALYSIS

### A.   Official Capacity

Plaintiff sues Defendants in their individual and official capacities. Plaintiff may

3

not bring suit for monetary damages against Defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Plaintiff's official capacity claims are dismissed without leave to amend.

### B. Medical Indifference

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.*; *See also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference.  *Id.*  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate

indifference claim for § 1983 purposes. *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

Plaintiff has not stated a medical indifference claim against Defendants Zamora, Wang, and Macias. Plaintiff does not contend he was denied access to medical care or treatment by these Defendants. His allegation is essentially dissatisfaction with their denial of the appeal of his medical care claim. As is noted below, Plaintiff cannot state a claim for mere denial of his grievances. Plaintiff was advised of the deficiencies with his medical indifference claim against these Defendants in the Court's prior screening order. (ECF No. 7.) His failure to correct the deficiencies suggests his inability to do so. Further leave to amend would be futile and will be denied.

Plaintiff adds Defendant Yu as a party and complains that both Dr. Yu and Dr. Clark failed to follow his previous physician's recommended treatment and, as a result, his conditions and pain have worsened. However, Plaintiff fails to plead facts that would suggest that the care he did receive was medically unacceptable and in a conscious disregard of an excessive risk to his health. "[N]othing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (*quoting Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Therefore, Plaintiff cannot state a claim for medical indifference solely on the basis that Dr. Yu and Dr. Clark determined that a different course of treatment was acceptable.

Plaintiff also was advised of the deficiencies in his claim against Defendant Clark in the Court's prior screening order. He has not corrected them. Therefore, amendment as to him would also be futile and is denied. Plaintiff, however, did not name Defendant Yu as a party in his prior complaint. Therefore, Plaintiff will be given **one more opportunity to amend as to Defendant Yu only**. If Plaintiff chooses to amend, he must allege that Dr. Yu's actions were not just negligent or merely different than his prior physician. He must allege specific facts demonstrating that Dr. Yu purposefully ignored or failed to respond to his pain and serious medical needs or knowingly provided medically unacceptable care, which harmed Plaintiff.

### C. Appeals Process

Plaintiff complains of the manner in which Defendants Wang, Macias, and Zamora handled his grievances. The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has not stated a cognizable due process claim against Defendants Wang, Macias, and Zamora for denial of his inadequate medical care claim. Since no such rights exist relative to the administrative grievance process, leave to amend would be futile and is denied.

### D. State Law Claim

Plaintiff alleges Defendants violated California Government Code Section 845.6. This Section precludes liability for "injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody . . . [except when] the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Plaintiff has not alleged facts to suggest any Defendant failed to summon immediate medical care on his behalf. Additionally, Plaintiff has not stated a valid federal claim against any Defendant. If Plaintiff chooses to amend and fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### E. Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

## V. CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim against any Defendant.

The Court will grant Plaintiff one last chance to amend to cure the deficiencies against Defendant Yu only, which Plaintiff believes, in good faith, are curable. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaint). Plaintiff should also keep in mind that he can only add parties not named in the original pleading if the claim or defense arises out of the same "conduct, transaction, or occurrence," and the party must have known "or

should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

If Plaintiff files an amended complaint, it should be brief, but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an "amended complaint supersedes the [prior]" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). It must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

Plaintiff's First Amended Complaint (ECF No. 12.) is DISMISSED;

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed First Amended Complaint filed April 17, 2014;

2. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 30, 2015            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE