UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. COSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>J.K. YU, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-00148-AWI-MJS<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND**<br><br>**(2) DENYING DEFENDANT'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>**(ECF Nos. 31, 34)** |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 8.) Pending now is Plaintiff's motion to amend the Second Amended Complaint. Defendant opposes this motion. Defendant also moves to modify the April 19, 2016, Discovery and Scheduling Order ("DSO"). Plaintiff has not filed an opposition or statement of non-opposition to this motion.

1

## I.   Procedural Background

Plaintiff initiated this action on January 27, 2014, by filing a complaint against the following Defendants related to the provision of medical care at Corcoran State Prison ("CSP") in Corcoran, California: (1) Dr. Clark, (2) Dr. McCabe, (3) Dr. Wang, CSP Chief Medical Executive, (4) Dr. Macias, CSP Chief Executive Officer, and (5) Zamora, MD – California Department of Corrections and Rehabilitation ("CDCR") Chief Health Care Services.

On February 19, 2014, the complaint was screened and dismissed with leave to amend for failure to state a claim. (ECF No. 7.) Specifically, the undersigned determined that Plaintiff failed to state an Eighth Amendment medical indifference claim against any of the Defendants, failed to state a First Amendment retaliation claim against Dr. Clark, and failed to state a due process claim regarding the processing of Plaintiff's appeal.

On April 17, 2014, Plaintiff filed a First Amended Complaint naming Dr. J.K. Yu, Dr. Clark, Dr. Wang, Dr. Macias, and Zamora as Defendants. (ECF No. 12.) This pleading was screened and dismissed on March 31, 2015, for failure to state a claim. (ECF No. 14.) The Court noted that Plaintiff failed to correct any of the deficiencies identified in the February 19, 2014, Screening Order with respect to his Eighth Amendment medical indifference claim as to Zamora, Wang, Macias, and Clark, and leave to amend as to these Defendants was denied. Plaintiff's due process claim against Defendants Wang, Macias, and Zamora, was also dismissed without leave to amend. Plaintiff was granted leave to amend as to his Eighth Amendment medical indifference claim against Dr. Yu only.

On May 14, 2015, Plaintiff filed the operative pleading, the Second Amended Complaint, which was screened on May 22, 2015, and found to state an Eighth Amendment medical indifference claim against Defendant Dr. J.K. Yu. (See ECF Nos. 16, 18.) Plaintiff accuses Dr. Yu of refusing to treat Plaintiff, based on his appearance, in May and June 2012. As a result, Plaintiff's medical condition worsened, and he suffered

2

extreme pain. Service was ordered on Dr. Yu, who filed an answer on April 13, 2016. (ECF Nos. 20, 21.)

The April 19, 2016, DSO set the deadline to amend pleadings for October 19, 2016; the deadline to conduct discovery,r December 19, 2016; and the deadline to file dispositive motions, February 27, 2017. (ECF No. 23.)

On October 12, 2016, Plaintiff filed a Third Amended Complaint. Defendant moved to strike the pleading on October 31, 2016, for Plaintiff's failure to accompany it with a motion, for lack of good cause, or for his failure to obtain leave of court. (ECF Nos. 27-28.) On November 16, 2016, the Third Amended Complaint was stricken because Plaintiff did not seek leave of Court or obtain Defendant's consent before filing the pleading. See Fed. R. Civ. P. 15(a); E.D. Cal. Local Rules 137(c) and 220; Sapiro v. Encompass Inc., 221 F.R.D. 513, 517 (N.D. Cal. 2004).

On November 17, 2016, Plaintiff re-filed the proposed Third Amended Complaint with an accompanying motion for leave to amend. (ECF No. 31.) Defendant opposes the motion. (ECF No. 33.)

On December 12, 2016, Defendant filed a motion to modify the DSO. (ECF No. 34.) Plaintiff has not filed an opposition or otherwise responded to this motion.

## II.     Plaintiff's Motion for Leave to Amend

Plaintiff seeks to file a Third Amended Complaint asserting new claims and Defendants. This motion is untimely, having been filed nearly one month after the DSO's October 19, 2016, deadline for filing such motions, and Plaintiff fails to show good cause now to change that deadline. See DSO ¶ 9 ("A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.")

But even assuming Plaintiff can show good cause to modify the DSO, his motion will be denied for the reasons set forth infra.

3

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

### A. Prior Amendments

The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). In this instance, the Court has previously permitted Plaintiff leave to amend his complaint twice, and therefore this factor weighs in favor of denial of Plaintiff's motion to amend.

### B. Undue Delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981). An important factor is whether "permitting an amendment would … produce an undue delay in litigation." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff's Third Amended Complaint seeks to add several new defendants regarding the provision of medical care at CSP. This action has been pending for almost three years and the current discovery deadline has already passed. Given the age and procedural posture of this case, allowing Plaintiff to file a Third Amended Complaint would cause a significant delay in the action. Any new defendants would need to be located, served and provided an opportunity to conduct discovery.

Therefore, this factor weighs in favor of denying Plaintiff's motion for leave to amend.

### C. Bad Faith

There is no evidence before the Court to suggest that Plaintiff acted in bad faith. Thus, this factor has no bearing on whether the Court should grant Plaintiff leave to amend.

### D. Futility of Amendment / Law of the Case

"The 'law of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case." Moore v. James H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982), citing IB Moore's Federal Practice, 0.404(1), at 404-09 (2d ed. 1980); In re Staff Mortgage & Investment Corp., 625 F.2d 281, 282-83 (9th Cir. 1980); Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir. 1979). "Although the law of the case rules does not bind a court as absolutely as res judicata, and should not be applied 'woodenly' when doing so would be inconsistent with 'considerations of substantial justice,' the discretion of a court to review earlier decisions should be exercised sparingly so as not to undermine the salutary policy of finality that underlies the rule." Moore, 682 F.2d at 833-34, citing Lathan v. Brinegar, 506 F.2d 677, 691 (9th Cir. 1974) (en banc); United States v. Fullard-Leo, 156 F.2d 756, 757 (9th Cir. 1946).

Here, the law of the case doctrine weighs against granting Plaintiff's motion to amend as he seeks to reintroduce claims and Defendants that have already been addressed in the Court's prior screening order. To this end, Plaintiff's Third Amended Complaint seeks relief against Defendants Dr. Clark, Dr. McCabe, Dr. Wang, Dr. Macias, and Zamora. Plaintiff was previously informed that his claims against these Defendants were insufficient to proceed, and he was specifically denied leave to amend as to them. Now over two years after he was originally informed of the deficiencies in his claims as to them and one year after the operative pleading was filed, Plaintiff seeks to reassert

Eighth Amendment and due process claims that were screened out from the original and First Amended complaints for failure to state a claim. Plaintiff provides no reason to disturb the Court's screening orders, nor does he point to any intervening change in the law.

Plaintiff has also named three new Defendants for conduct that occurred in November 2015, nearly two years after Plaintiff initiated this action. Plaintiff accuses Drs. M. Rahimifar and Ahmed Mushtaq, outside neurosurgeon specialists who contract with the California Department of Corrections and Rehabilitation, and a John or Jane Doe, of discharging Plaintiff following November 2015 spinal procedures without proper discharge instructions. These claims are separate and distinct from the claim asserted against Dr. Yu, and would therefore be subject to dismissal for misjoinder pursuant to Federal Rule of Civil Procedure 20(a)(2)(B). Plaintiff's attempt to add these new Defendants would be barred and therefore futile.

### E.   Prejudice to Opposing Party

Prejudice is the most critical factor in determine whether leave to amend should be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is on the party opposing an amendment to the complaint. DCD Programs, 833 F.2d at 187.

Extending the discovery period has been found to prejudice existing defendants. See, e.g., Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (observing "[t]he requirement of additional discovery would have prejudiced [the defendant]" if leave to amend a complaint was granted); Lockheed Martin Corp. v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice").

The Court finds that Defendant would be prejudiced if Plaintiff is allowed to add several new Defendants in this action almost three years after the action was filed and where discovery is now completed. See DCD Programs, 833 F.2d at 187; Becherer v.

6

Merrill Lynch, Pierce, Fenner & Smith, Inc., 43 F.3d 1054, 1069 (6th Cir. 1995). Thus, given the likely prejudice to Defendant, this factor weighs in favor of denying Plaintiff's motion to amend.

For these reasons, Plaintiff's motion for leave to amend will be denied.

### III.  Defendant's Motion to Modify the DSO

Defendant moves to extend the discovery and dispositive motion deadlines by 60 days because of the delay caused by Plaintiff's late-filed motion. Defendant claims that Plaintiff's motion for leave to amend rendered "the scope of discovery, including Plaintiff's deposition, … unknown." Def.'s Mot. Modify DSO at 3. Defendant does not explain why Plaintiff's late-filed motion to amend so impaired Defendant's ability to conduct discovery, including deposing Plaintiff, on the single Eighth Amendment claim asserted against him, which was the same claim asserted in the proposed Third Amended Complaint.

Additionally, the Court notes that the discovery period in this case was eight months long (the DSO issued on April 19, 2016, and the discovery deadline was December 19, 2016). Defendant has not shown why he could not conduct the relevant discovery earlier as opposed to the last month of this lengthy period. As to this, the DSO set a 45-day deadline for responding to written discovery requests, and "discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." DSO ¶ 7. It does not appear that Defendant complied with these directives before Plaintiff's motion for leave to amend was filed.

The Court thus finds that Defendant has not demonstrated good cause for a modification of the DSO. His motion will also be denied.

### IV.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

A.  Plaintiff's November 17, 2016, motion to amend (ECF No. 31) is DENIED; and

7

     B. Defendant's December 12, 2016, motion to modify the DSO (ECF No. 34) is DENIED.

IT IS SO ORDERED.

Dated:   January 15, 2017         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE