UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. COSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>J.K. YU, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-00148-AWI-MJS<br><br>**ORDER DENYING DEFENDANT'S SECOND REQUEST TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>**(ECF No. 41)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 8.) This matter proceeds on Plaintiff's Second Amended Complaint ("SAC") Eighth Amendment medical indifference claim against Defendant Dr. J.K. Yu.

Before the Court is Defendant's second motion to modify the April 19, 2016, Discovery and Scheduling Order ("DSO"). Plaintiff opposes this motion.

**I.    Procedural Background**

Plaintiff initiated this action on January 27, 2014, and, as noted, is proceeding on the SAC, which was filed on May 14, 2015. Dr. Yu filed an answer on April 13, 2016, and a DSO then issued April 19, 2016. Pursuant to the DSO, which was modified once on February 28, 2017, the deadline to conduct discovery was December 19, 2016, and the deadline to file dispositive motions is April 11, 2017. (ECF Nos. 23, 37.)

On October 12, 2016, Plaintiff filed a Third Amended Complaint, which Defendant moved to strike on October 31, 2016, on several grounds. (ECF Nos. 27-28.) On November 16, 2016, the Third Amended Complaint was stricken because Plaintiff did not seek leave of Court or obtain Defendant's consent before filing the pleading. See Fed. R. Civ. P. 15(a); E.D. Cal. Local Rules 137(c) and 220; Sapiro v. Encompass Inc., 221 F.R.D. 513, 517 (N.D. Cal. 2004).

On November 17, 2016, Plaintiff re-filed the Third Amended Complaint with an accompanying motion for leave to amend. (ECF No. 31.) Defendant opposed the motion on December 12, 2016, and also moved to modify the DSO. (ECF Nos. 33, 34.)

By Order dated January 15, 2017, Plaintiff's motion to amend and Defendant's motion to modify the DSO were both denied. (ECF No. 35.)

On February 27, 2017, Plaintiff filed a motion for summary judgment. (ECF No. 38.) In response, Defendant now moves again for an order re-opening discovery and continuing the dispositive motion deadline. (ECF No. 41.) Plaintiff opposes this motion.

## II. Discussion

Defendant's December 12, 2016, motion to modify the DSO was based on Dr. Yu's claim that he needed additional time to conduct discovery pending resolution of Plaintiff's motion to amend. Defendant claimed that motion to amend rendered "the scope of discovery … unknown." Def.'s First Mot. Modify DSO at 3 (ECF No. 34). Defense counsel was concerned that Plaintiff's new pleading might bring in new defendants who counsel would need to represent. But there was no claim that Plaintiff's motion to amend rendered the scope of discovery against Dr. Yu, the moving party, unknown. Indeed, as noted in the Order denying both Plaintiff's motion to amend and Defendant's motion to modify, Plaintiff's claim against Dr. Yu remained unchanged from the operative pleading to the proposed Third Amended Complaint. In each, Plaintiff accused Defendant of exhibiting deliberate indifference in the performance of Dr. Yu's duties in May and June 2012. Since Dr. Yu had not shown good cause for his failure to

conduct any discovery during the preceding eight months on the single, unchanged claim directed against him, Defendant's motion was denied.

In Defendant's renewed request to modify the DSO, he argues that he requires the discovery of facts to oppose Plaintiff's pending summary judgment motion. Specifically, Dr. Yu claims that he needs to obtain Plaintiff's medical records and deposition testimony to dispute material facts set forth in Plaintiff's moving papers. Defendant sought this information for the first time on December 9, 2016, when he served on Plaintiff a notice of deposition and request for production of documents. Plaintiff's deposition was scheduled for December 19, 2016, the last day of the discovery period. Defendant then canceled Plaintiff's deposition on December 16, 2016 (one week after the service of the deposition notice and three days before the discovery deadline). He again claims this was necessary given the uncertainty surrounding the parties and claims in this action.

Defendant's motion is brought pursuant to Federal Rules of Civil Procedure 16(b) and 56(d). Under Rule 16, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b)(4), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have

3

reasonably bee foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

"Rule 56(d) 'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Atigeo LLC v. Offshore Ltd., 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)). Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion, deny the motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) requires the nonmovant to show "(1) it has set forth in affidavit form specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (holding that the district court did not abuse its discretion in denying a continuance where the facts sought through further discovery were only "generically relevant" and the nonmoving party failed to show how the evidence was "essential" to oppose summary judgment). The party requesting a continuance must explain how the specific facts that it seeks would preclude summary judgment. Tatum v. City & Cty. of S.F., 441 F.3d 1090, 1100-01 (9th Cir. 2006) (citing California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).[1] The Ninth Circuit's general rule is that "[a] continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course

---

[1] On December 1, 2010, Federal Rule of Civil Procedure 56(f) was renumbered and is now Federal Rule of Civil Procedure 56(d). The advisory committee's notes to Rule 56 regarding the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's notes. Thus, the cited authorities that refer to Rule 56(f) provide guidance on matters related to the current Rule 56(d). Id.

4

unless the non-moving party has not diligently pursued discovery of the evidence." Atigeo, 2014 WL 1494062, at *3.

Defendant's motion, whether analyzed under Rule 16(b) or Rule 56(d), fails because it does not explain why Defendant did not conduct any discovery in the eight months since the DSO issued before moving to modify it three days before the discovery period was set to expire. Even if the Court had granted Plaintiff's motion to amend, the Third Amended Complaint would have had no bearing on the single, pre-existing claim asserted against Dr. Yu.

Defense counsel also fails to explain why he served a notice of deposition and request for production of documents within two weeks of the discovery deadline when the DSO clearly provided "discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel." DSO ¶ 7.

Defense counsel has now moved twice for an extension of time to conduct discovery based not on the needs of his current client, Dr. Yu, but on concerns related to potential, but ultimately non-existent, clients. This is inappropriate. Since the Court concludes again that Defendant did not diligently pursue discovery during the eight-month long discovery period, his motion will again be denied.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's March 3, 2017, request (ECF No. 41) is DENIED.

IT IS SO ORDERED.

Dated:   March 23, 2017            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE