UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. COSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.K. YU, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-00148-AWI-MJS<br><br>**ORDER**<br><br>**(1) VACATING ORDER TO SHOW CAUSE; AND**<br><br>**(2) GRANTING DEFENDANT'S RULE 56(d) REQUEST**<br><br>**(ECF NOS. 44, 46)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Dr. J.K. Yu on an Eighth Amendment medical indifference claim. On February 27, 2017, Plaintiff filed a motion for summary judgment. Now pending is Defendant's second request to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d).

"Rule 56(d) 'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" Atigeo LLC v. Offshore Ltd., 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)). Federal Rule of Civil Procedure 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for

1

specified reasons, it cannot present facts essential to justify its opposition, the court may" defer considering the motion, deny the motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) requires the nonmovant to show "(1) it has set forth in affidavit form specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (holding that the district court did not abuse its discretion in denying a continuance where the facts sought through further discovery were only "generically relevant" and the nonmoving party failed to show how the evidence was "essential" to oppose summary judgment). The party requesting a continuance must explain how the specific facts that it seeks would preclude summary judgment. Tatum v. City & Cty. of S.F., 441 F.3d 1090, 1100-01 (9th Cir. 2006) (citing California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).[1] The Ninth Circuit's general rule is that "[a] continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Atigeo, 2014 WL 1494062, at *3.

Defendant did not conduct discovery in this case during the eight-month discovery period which commenced on April 19, 2016 and concluded on December 19, 2016. (ECF No. 23.) Defendant's first two requests to reopen discovery were denied because he did not demonstrate diligence during that lengthy period. (ECF Nos. 35, 43.)

In the most recent motion, Defendant for the first time proffers a sufficient explanation for his failure to conduct discovery. Defense counsel has submitted numerous exhibits documenting the untimely passing of a close colleague on April 15,

---

[1] On December 1, 2010, Federal Rule of Civil Procedure 56(f) was renumbered and is now Federal Rule of Civil Procedure 56(d). The advisory committee's notes to Rule 56 regarding the 2010 amendments state that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's notes. Thus, the cited authorities that refer to Rule 56(f) provide guidance on matters related to the current Rule 56(d). Id.

2

2016, four days before the Court's Discovery and Scheduling Order issued. Further it appears that defense counsel did in fact draft written discovery to propound on Plaintiff and forwarded it to his legal secretary on April 22, 2016, for service. This discovery was never served on Plaintiff. Staff failed to mail it. The filed declaration of the staff member acknowledges the failure and attributes it to stress following the colleague's death. For these reasons, the undersigned now finds that Defendant has in fact shown diligence. Defendant also properly identified the discovery that he seeks to use in opposing Plaintiff's pending motion, namely, Plaintiff's medical records and responses to the aforementioned written discovery. Defendant's request will therefore be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Rule 56(d) request (ECF No. 46) is GRANTED;
2. The May 5, 2017, Order to Show Cause (ECF No. 44) is VACATED;
3. Defendant is hereby granted an additional sixty (60) days from the date of this Order in which to conduct discovery. Plaintiff's responses to the written discovery requests shall be due within thirty days from the date of their service; and
4. Defendant shall then have **fourteen** days following the close of the discovery period in which to respond to Plaintiff's motion for summary judgment. Plaintiff's reply brief shall be due **ten** days thereafter.

IT IS SO ORDERED.

Dated: May 24, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE