UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. COSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J.K. YU,<br><br>    Defendant. | CASE NO. 1:14-cv-00148-AWI-MJS<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO ISSUE SUBPOENAS, FILE AN OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION AND FILE A MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF NO. 49)** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Dr. J.K. Yu on an Eighth Amendment medical indifference claim. **Pending since February 27, 2017**, is Plaintiff's motion for summary judgment, which Defendant has yet to oppose despite extension of her deadline for conducting discovery and filing opposition.

    On August 15, 2017, after the last deadline had expired, Defendant filed an extraordinary motion seeking even more time to conduct discovery, to file an opposition to Plaintiff's motion, and to file her own summary judgment motion. (ECF No. 49.)

As the Court previously found, Defendant did not conduct any discovery in this case during the eight-month discovery period which ended December 19, 2016. (ECF No. 23.) Defendant's first two requests to reopen discovery were denied because she did not demonstrate diligence during that lengthy period. (ECF Nos. 35, 43.)

On May 24, 2017, Defendant's third request to reopen discovery was granted after defense counsel, Deputy Attorney General John Feser, finally provided a reasonable explanation for his previous failure to conduct discovery. (ECF No. 47.) Defendant was granted an additional sixty days to conduct discovery, including propounding discovery requests on Plaintiff and to obtain copies of Plaintiff's medical records. Defendant's response to Plaintiff's motion for summary judgment was due no later than August 7, 2017.

It appears that Mr. Feser did propound discovery on Plaintiff on May 25, 2017. Decl. of J. Marquez in Supp. of Def.'s Mot (ECF No. 49-1) ¶ 2; Decl. of A. Gonzalez in Supp. of Def.'s Mot. (ECF No. 49-2) ¶ 2. However, he never followed through on it after Plaintiff failed to respond. There is no indication he ever sought Plaintiff's medical records. Mr. Feser also failed to file an opposition to Plaintiff's summary judgment motion or a summary for judgment motion on behalf of Defendant before the August 7, 2017, deadline.

Following Mr. Feser's departure from the Department of Justice on August 11, 2017, this case was reassigned to another Deputy Attorney General who filed the instant motion after learning of Mr. Feser's prolonged inaction. New defense counsel seeks additional time to issue a subpoena for Plaintiff's medical records, to file an opposition to Plaintiff's summary judgment motion, and to file her own motion for summary judgment. She requests that Defendant Dr. Yu not be made to suffer because of Mr. Feser's failings.

It does appear that Defendant's failure to act is attributable to the negligence of her assigned counsel, Mr. Feser, and not to Defendant personally. However, neither the

2

office of the Attorney General nor the client can immunize themselves from the acts of their agent. Someone must bear the responsibility for this unconscionable delay, and that someone will not be Plaintiff who already has been prejudiced by having his motion for summary judgment tabled for six months. Defendant will not be granted additional time to file opposition to Plaintiff's motion for summary judgment. The time has expired. The Court deems that motion submitted and will rule on it accordingly.

On the other hand, as regards the proposed post-deadline subpoena and summary judgment motion, though we are dealing with the same period of negligent delay by Defendant, the Court can envision no real prejudice to Plaintiff in allowing such steps to proceed. Instead, granting the relief sought will help ensure all relevant evidence is brought before the Court and give the Court the opportunity to determine if any matters remaining after Plaintiff's summary judgment motion is ruled on can be addressed and resolved without trial.

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion (ECF No. 49) is GRANTED IN PART:

1. Defendant is granted twenty one (21) days from the date of this order to issue a subpoena for Plaintiff's relevant medical records;
2. Defendant is granted sixty (60) days from the date of this order to file a motion for summary judgment;
3. The deadline for Defendant to oppose Plaintiff's motion for summary judgment has expired and will not be reopened. That motion is submitted.

IT IS SO ORDERED.

Dated: __August 19, 2017__     /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE