UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY M. COSTON,<br><br>        Plaintiff,<br><br>   v.<br><br>J.K. YU,<br><br>        Defendant. | **CASE NO. 1:14-cv-00148-AWI-MJS**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT SUMMARY JUDGMENT FOR DEFENDANT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f)**<br><br>**(ECF NO. 38)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Dr. J.K. Yu on an Eighth Amendment medical indifference claim. Pending before the Court is Plaintiff's February 27, 2017, motion for summary judgment. Defendant has not filed an opposition; the time for doing so passed long ago.

**I.    Plaintiff's Allegations**

In the complaint, Plaintiff alleges that he suffers from serious medical impairment in his left shoulder, arm, lower back, neck, and left foot. Dr. Yu examined him but refused to provide medical care solely because of Plaintiff's physical appearance. Plaintiff's ensuing Health Care Request Forms describing his physical pain and suffering produced no relief. Plaintiff's condition has worsened, and he continues to suffer extreme pain.

## II. Legal Standards for Summary Judgment

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." Id. at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id. (citing Celotex, 477 U.S. at 323). Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. See Liberty Lobby, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Only admissible evidence may be considered in deciding a

motion for summary judgment. Fed. R. Civ. P. 56(c)(2). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

## III. Undisputed Facts[1]

At all relevant times, Plaintiff was a state inmate housed at California State Prison in Corcoran, California ("CSP-Cor"). Sec. Am. Compl. at 4. Dr. J.K. Yu was employed as a prison physician at CSP-Cor and served as Plaintiff's Primary Care Provider ("PCP"). Id. at 3.

### A. Plaintiff's Medical Care and Treatment

Plaintiff suffers from back and neck injuries, spinal degenerative disc disease, and a rotator cuff tear and osteoarthritis in his left shoulder. Pl.'s Mot. Summ. J. ("MSJ") at 7; First Am. Compl. Attach. (ECF No. 12 at 25-29, 31).

On January 23, 2012, while housed at High Desert State Prison, Plaintiff received a Comprehensive Accommodation Chrono from a medical doctor who noted the following work restrictions: "No heavy lifting > 10 pd." Pl.'s Statement of Undisp. Facts ("PSUF") Ex. 1 (ECF No. 40 at 8). Plaintiff then transferred to CSP-Cor in April 2012. Id. Ex. 4 (ECF No. 40 at 13).

On May 18, 2012, Plaintiff had an appointment with Dr. Yu. Decl. of D. Coston in Supp. MSJ ¶ 9. During this appointment, Dr. Yu reviewed Plaintiff's medical file while Plaintiff complained about pain in his left shoulder, left foot, neck, and lower back. Id. Plaintiff requested pain medication and attempted to show Dr. Yu a copy of the January 2012 chrono, but Dr. Yu refused to review it and instead responded that Plaintiff appeared well built and fit. Id. This concluded the medical visit. Id.

On May 23, 2012, Plaintiff's cervical spine was x-rayed and revealed arthritis. PSUF Ex. 2 (ECF No. 40 at 10-11).

---

[1] Since Defendant has not filed an opposition, all facts are deemed undisputed.

3

By June 2012, Plaintiff was assigned a full duty job in the CSP-Cor hospital kitchen. Coston Decl. ¶ 10. There is nothing in the record describing the duties of this assignment.

On June 5, 2012, Plaintiff submitted a health care request services form. Compl. Attach. (ECF No. 1 at 20). Although the Court's copy of this form is not legible, see id., Plaintiff declares it reflects his complaint about the ineffectiveness of the pain medication prescribed by Dr. Yu. Coston Decl. ¶ 11.

On June 8, 2012, Dr. Yu physically examined Plaintiff but again denied adequate medical care. Compl. Attach. (ECF No. 1 at 16). While Plaintiff does not include documentation relating to these visits, the Court assumes—consistent with Plaintiff's allegations—that Dr. Yu did not prescribe stronger pain medication or issue work restrictions.

On June 13, 2012, Plaintiff submitted a second health care request services form. Compl. Attach. (ECF No. 1 at 19). In the portion of this form titled "REASON YOU ARE REQUESTING HEALTH CARE SERVICES," Plaintiff wrote only the names and dosages of three types of medications (the specific names are illegible). See id. The next day, on June 14, 2014, Dr. Yu submitted a prescription for 400 mg of Ibuprofen to be taken twice daily. Id.

A July 19, 2012, x-ray of Plaintiff's shoulder showed demineralization and moderate arthritic change. First. Am. Compl. Attach. (ECF No. 12 at 35). No other abnormality was seen. The AC joint was found to be unremarkable. Id.

On August 4, 2014, Plaintiff received a Comprehensive Accommodation Chrono from Dr. Clark at CSP-Cor for a bottom bunk, wedge pillow, insoles, and a waist chain. PSUF Ex. 7 (ECF No. 40 at 26-27). The following work restrictions were also included: "restricted use of both arms, no crawling, no climbing, no prolonged walking, no repetitive stooping, bending, or twisting." Id.

### B. Inmate Grievance

On June 19, 2012, Plaintiff filed an inmate grievance against Dr. Yu. Compl. Attach. (ECF No. 1 at 14). There, Plaintiff complained that Dr. Yu refused to provide "adequate medical care and treatment" despite knowledge of Plaintiff's serious medical conditions. See id. Plaintiff sought consultation with an orthopedic specialist and adequate medical care to alleviate his constant pain. Id.

On July 16, 2012, Plaintiff was seen and evaluated by Dr. Clark regarding his appeal. Compl. Attach. (ECF No. 1 at 22). Upon examination, Dr. Clark determined that Plaintiff had good motion in his neck, no particular abnormalities in his shoulder, his flexion and abduction "are only about 90 degrees, or straight," and his upper extremities are "very well muscled." Id. Dr. Clark noted that pain medication was to be provided to Plaintiff, and that after gathering further information, a determination would be made as to whether to refer him to an orthopedic specialist. Id. His appeal was thus partially granted at the first level of review. Id.

Plaintiff appealed, and his grievance was denied at the second level of review on September 14, 2012. Compl. Attach. (ECF No. 1 at 23-24). This appeal was reviewed by Dr. Jeffrey Wang, the Acting Chief Medical Executive at CSP-Cor, who noted that Plaintiff had been prescribed Naproxen and Pamelor. Id. Even though Plaintiff preferred Neorontin over Pamelor, another doctor explained to Plaintiff on August 31, 2012, that Neurontin is not approved for neck pain. Id. Dr. Wang then indicated that Plaintiff's case had been reviewed by a pain committee on September 15, 2011, and the committee recommended Ibuprofen for pain management. Id. As for an orthopedic evaluation, Dr. Wang discussed a 2009 orthopedic diagnosis of arthritis in Plaintiff's shoulder being treated with Naproxen. Id. Plaintiff's physical findings were good, as was his range of motion, reflexes, muscle tone, and shoulder, back and extremity strength. Id. Dr. Wang further noted that there was no need for accommodation chronos and Plaintiff had been cleared for full work status with no restrictions. Id. Dr. Wang concluded with "Your

contention of negligence and inadequate medical care is refuted by professional health care staff familiar with your medical history, as well as a review of your medical records." Id.

Plaintiff appealed again, and his grievance was denied at the Director's level of review on March 22, 2013. Compl. Attach. (ECF No.1 at 25-26.) This decision was based on a review of Plaintiff's medical records by clinical staff, who noted that the PCP's evaluation and treatment, including an active order for the pain medication acetaminophen, was deemed medically indicated for Plaintiff's pain. Id. The PCP's musculoskeletal and neurological exams were within normal limits, there was no medical indication for physical therapy or an orthopedic referral, and there was no need for an accommodation chrono at that time. Id.

## IV. Discussion

### A. Eighth Amendment Medical Indifference

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th

Cir. 2006). A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id.; see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson v, Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes. McGuckin, 974 F.2d at 1060 (internal quotation marks omitted); See also Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060.

Finally, "a difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a [§]1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

**B. Analysis**

**1. Plaintiff's Motion**

Plaintiff's evidence in support of his Eighth Amendment medical indifference claim is minimal. It demonstrates that he suffers from pain and arthritis, and that Dr. Yu declined to issue an accommodation chrono or prescribe stronger pain medication. It does not show, however, that Dr. Yu purposefully ignored or failed to respond to Plaintiff's complaints. Rather, Plaintiff's own evidence affirmatively demonstrates that Dr. Yu physically examined Plaintiff on two separate occasions, prescribed pain medication, and made a professional determination that work restrictions were not warranted at the time. Indeed, Dr. Yu's prescription of ibuprofen is consistent with the pain committee's September 15, 2011 recommendation.

Plaintiff's belief that he should have been prescribed different medication and that Dr. Yu should have imposed work restrictions amounts to a mere difference of opinion about the proper course of treatment for Plaintiff. There is no evidence that Dr. Yu's course of treatment was medically unacceptable under the circumstances. His

determination that work restrictions were not medically necessary was upheld on review after physical examination of Plaintiff by Dr. Clark. Similarly, Dr. Yu's decision not to follow or abide by another doctor's earlier accommodation chrono reflects only a difference of opinion between medical professionals.. Toguchi, 391 F.3d at 1058. Finally, Plaintiff's evidence that he was eventually provided an accommodation chrono with work restrictions in August 2014 does not establish that the treatment Dr. Yu provided two years earlier was constitutionally inadequate.

Plaintiff, of course, bears the burden of proof at trial. He must therefore demonstrate, with affirmative evidence, that no reasonable trier of fact could find other than for him. Plaintiff has not met that burden here.

## 2. Summary Judgment for Non-Moving Party

Where the party moving for summary judgment has had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment sua sponte for the nonmoving party. See, e.g., Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311 (9th Cir.1982); see also Gospel Missions of Am. v. City of Los Angeles, 328 F.3d 548, 553 (9th Cir.2003) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte against a moving party if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the matter.' ") (quoting Cool Fuel, Inc., 685 F.2d at 312). The Supreme Court implicitly recognized this authority in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), noting that "district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Id. at 326. The authority to grant summary judgment sua sponte was made explicit in the current version of Rule 56, effective as of December 2010. Fed. R. Civ. P. 56(f).

Here, since Plaintiff has had a full and fair opportunity to prove his case but has failed to do so, the undersigned will recommend that summary judgment be entered sua

sponte for Dr. Yu on Plaintiff's Eighth Amendment medical indifference claim.

**V.  Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion for summary judgment (ECF No. 38) be DENIED, and summary judgment be granted for Defendant pursuant to Federal Rule of Civil Procedure 56(f).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  August 26, 2017          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE